UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                       :

STEPHEN BUONO,                          :

                          Plaintiff,    :          19 Civ. 5413 (LGS)
                                         :

                -against-          :         <u>OPINION & ORDER</u>
                                         :

AVALONBAY COMMUNITIES, INC.,    :

                      Defendant.  :
-----------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       Plaintiff Stephen Buono alleges that Defendant AvalonBay Communities, Inc. has

violated New York Labor Law ("NYLL") sections 240(1), 241(6) and 200, and committed

common law negligence.  Defendant filed a motion for summary judgment, which for the

reasons below, is granted in part and denied in part.

## I.    BACKGROUND[1]

       In December 2017, Defendant owned the premises located in Mamaroneck, New York

(the "Property").  Renovations were being performed at the Property, and Defendant retained

Applied Electrical to perform electrical work.  Plaintiff was working for Applied Electrical at the

time of the accident.  Applied Electrical provided Plaintiff all the equipment he used and

supervised his work.  Defendant employed three onsite superintendents who managed the day-to-

day coordination and scheduling of contractors.

       On December 27, 2017, Plaintiff and his partner, a foreman, were running wires to

---

[1] The facts are taken from Defendant's Rule 56.1 statement and evidence submitted by both
parties on this motion.  Plaintiff did not file a response to Defendant's Rule 56.1 statement.
Plaintiff instead included a statement of facts in his memorandum of law in opposition, attaching
exhibits in support of those facts.  While the facts in Defendant's 56.1 statement could be
deemed admitted based on this deficiency, *see* Fed. R. Civ. P. 56(e) and S.D.N.Y. Local Rule
56.1(c), the Court has considered Plaintiff's separate statement of facts to the extent supported by
the record, and these background facts do not appear to be disputed.

connect temporary heaters in the amenities apartments of the Property.  Plaintiff first entered a

room called the amenities space to install the temporary heaters.  The wires for the heaters were

connected to a single panel in this room, and Plaintiff's responsibility was to hook up the panel.

The foreman then pulled the wires from this first room into a second room, and Plaintiff

followed.  In the middle of the second room was a six-foot A-frame ladder standing in an open

position.  The ladder was owned by a different contractor and had been used earlier by other

workers.  The foreman pulled the wire while walking about fifteen to twenty feet through the

second room and was about to enter a third room when the wire swept past the ladder.  The wire

caught the bottom of the ladder, the ladder fell, and the top corner of the ladder struck Plaintiff's

knee, causing Plaintiff to fall backward and hit his back and head.  The accident occurred in the

middle of the room, which was dark and had piled debris pushed to the side.  Plaintiff did not see

any workers return to the ladder before he left that day at six p.m.

## II.   STANDARD

In this diversity action, removed from state court, Plaintiff opposes Defendant's summary

judgment motion relying on the New York state summary judgment standard.  The federal

summary judgment standard applies because it is procedural law.  *See Hanna v. Plumer*, 380

U.S. 460, 465 (1965) (citation omitted) (A federal court sitting in diversity must apply state

substantive law and federal procedural law.); *accord Capobianco v. Stop & Shop Supermarket

Co*, No. 14 Civ. 6112, 2017 WL 1157173, at *2 (S.D.N.Y. Mar. 24, 2017) (applying the federal

summary judgment standard in removed diversity action).

Summary judgment is appropriate where the record establishes that "there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

R. Civ. P. 56(a).  "A genuine issue of material fact exists if 'the evidence is such that a

reasonable jury could return a verdict for the nonmoving party.'" *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 113 (2d Cir. 2017) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  When the movant properly supports its motion with evidentiary materials, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record."  Fed. R. Civ. P. 56(c)(1)(A).  "[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment."  *Fed. Trade Comm'n v. Moses*, 913 F.3d 297, 305 (2d Cir. 2019) (quotation marks omitted).  "Only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment."  *Porter v. Quarantillo*, 722 F.3d 94, 97 (2d Cir. 2013); *accord Starr Indem. & Liab. Co. v. Brightstar Corp.*, 388 F. Supp. 3d 304, 323 (S.D.N.Y. 2019).

## III.   DISCUSSION

Defendant argues that it is entitled to judgment as a matter of law.  As explained below, Defendant's motion for summary judgment is granted as to all claims except the NYLL section 200 and common law negligence claims.

### 1.   NYLL Section 240(1) Claim

Defendant moves for summary judgment on the section 240(1) claim.  This statute states in relevant part that contractors and owners and their agents engaged "in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" must provide "scaffolding, hoists, stays, ladders, [etc.] and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."  N.Y. Lab. Law § 240(1). The statute "impose[s] absolute liability on '[a]ll contractors and owners and their agents' for any breach of a statutory duty to provide safety measures that proximately cause injury." *Albanese v. City of New York*, 833 N.E.2d 1213, 1214 (N.Y. 2005); *accord Lincho v. Nat'l R.R.*

*Passenger Corp.*, 338 F. Supp. 3d 343, 351 (S.D.N.Y. 2018).  "Although the statute is meant to be liberally construed to accomplish its intended purpose, absolute liability is contingent upon the existence of a hazard contemplated in section 240(1) and the failure to use, or the inadequacy of, a safety device of a kind enumerated therein."  *O'Brien v. Port Auth. of New York & New Jersey*, 74 N.E.3d 307, 310 (N.Y. 2017) (quotation marks omitted).  Defendant is granted summary judgment on this claim because, based on the undisputed evidence and drawing all inferences in favor of Plaintiff, no reasonable juror could find that Plaintiff's injuries arose from the type of risk covered by the statute.

The New York Court of Appeals has held that the scaffold law "evinces a clear legislative intent to provide 'exceptional protection' for workers against the 'special hazards' that arise when the work site either is elevated or is positioned below the levels where 'materials or load [are] hoisted or secured.'"  *Ross v. Curtis-Palmer Hydro-Elec. Co.*, 618 N.E.2d 82, 85 (N.Y. 1993) (quoting *Rocovich v. Consol. Edison Co.*, 583 N.E.2d 932 (N.Y. 1991)); *accord Harris v. City of New York*, 923 N.Y.S.2d 2, 5 (1st Dep't 2011).  More recently, the Court of Appeals held that courts have read the statute too narrowly.  *See Runner v. New York Stock Exch., Inc.*, 922 N.E.2d 865, 867 (2009) (explaining that "[t]he breadth of the statute's protection has . . . been construed to be less wide than its text would indicate.").  Still, the protective reach of the statute is "limited to . . . specific gravity-related accidents [such] as . . . falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured."  *Wilinski v. 334 E. 92nd Hous. Dev. Fund Corp.*, 959 N.E.2d 488, 492 (N.Y. 2011) (quotation marks omitted).  Such hazards "do not encompass *any and all* perils that may be connected in some tangential way with the effects of gravity."  *Ross*, 618 N.E.2d at 85 (emphasis in original); *accord Simmons v. City of New York*, 85 N.Y.S.3d 462, 465 (2d Dep't 2018).  Rather, "liability may . . . be

imposed under the statute *only* where the 'plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a *physically significant elevation differential*.'" *O'Brien*, 74 N.E.3d at 310 (emphasis added) (alteration in original) (quoting *Nicometi v. Vineyards of Fredonia, LLC*, 30 N.E.3d 154, 158 (N.Y. 2015)).

The undisputed evidence shows that Plaintiff was not injured as a result of a physically significant elevation differential. To constitute a "gravity-related risk" arising from a "physically significant elevation differential," the falling object need not be elevated. *See Wilinski*, 959 N.E.2d at 494. However, "[c]ourts must take into account the practical differences between the usual and ordinary dangers of a construction site," and the "extraordinary elevation risks" envisioned by the statute. *See Ortiz v. Varsity Holdings, LLC*, 960 N.E.2d 948, 950 (N.Y. 2011) (quotation marks omitted) (contrasting a prior holding that the risk of falling four to five feet from a flatbed trailer or similar surface is not covered by section 240(1), citing *Toefer v. Long Is. R.R.*, 828 N.E.2d 614 (2005)). Relevant considerations include the amount of force generated by the falling object in light of the object's characteristics and manner of descent. *See Wilinski*, 959 N.E.2d at 494. For example, in *Wilinski*, the Court of Appeals held that injury from freestanding ten-foot tall pipes that fell after being struck by debris from demolition of a nearby wall constituted harm flowing directly from a risk arising from a physically significant elevation differential. *See id.* The pipes stood at the same level as the injured worker, but the elevation differential was not "de minimis." *See id.* The "amount of force the pipes were able to generate" was significant because of the four-inch diameter of the metal pipes, the ten-foot height of the pipes and the at-minimum four-foot fall prior to striking Plaintiff. *See id.* (citations and alterations omitted). Here, Plaintiff was injured by a six-foot A-frame ladder left open and unused. The ladder fell after being struck by wires pulled by Plaintiff's partner. Plaintiff

testified that he was standing about two feet away when the top of the ladder hit Plaintiff's knee, causing Plaintiff to fall backward. Plaintiff testified that he believed the ladder was made of aluminum and plastic, and he was able to move the ladder off to the side after he fell. Plaintiff was injured by the operation of gravity, but the amount of force generated by the ladder's composition, height and descent cannot constitute a physically significant elevation differential or an "extraordinary elevation risk" encompassed by the statute. *See, e.g.*, *Rodriguez v. Margaret Tietz Ctr. for Nursing Care, Inc.*, 602 N.Y.S.2d 640, 642 (2d Dep't 1993), *as amended* (Oct. 27, 1993), *rev'd*, 640 N.E.2d 1134, 1135 (N.Y. 1994) (Court of Appeals reversed judgment in favor of plaintiff whose knee was struck while placing a 120-pound beam onto the ground from seven inches above his head with the help of co-workers, because Plaintiff was "exposed to the usual and ordinary dangers of a construction site" and not a risk encompassed by the statute); *Oakes v. Wal-Mart Real Estate Bus. Tr.*, 948 N.Y.S.2d 748, 755 (3d Dep't 2012) (no extraordinary elevation risk where 10,000-pound truss, at approximately the same height or slightly shorter than the plaintiff, was struck by forklift causing truss to tip over and hit the plaintiff). *Cf., e.g.*, *Runner*, 922 N.E.2d at 868 (elevation differential presented by move of 800-pound reel of wire down four stairs not de minimis "particularly given the weight of the object and the amount of force it was capable of generating, even over the course of a relatively short descent"). Any elevation-related risk here was de minimis, and no reasonable jury could find otherwise.

Plaintiff argues that, because a ladder is a protective device enumerated in the statute, any injury arising from a failure to secure a ladder or from a defect in the ladder is covered by the statute. The cases Plaintiff relies upon for the proposition that ladders are required to be secured are distinguishable, because the ladder in this case was not being used, and no work was being

performed on the ladder during the accident.  Plaintiff relies on other case law in support of the proposition that the statute covers injuries caused by falling defective parts of safety devices enumerated in the statute.  However, in those cases, the safety device was either in use or there was a physically significant elevation differential, neither circumstance of which is present here. Defendant's motion for summary judgment is granted on the section 240(1) claim.

### 2.  NYLL Section 241(6) Claims

Plaintiff also brings claims pursuant to NYLL section 241(6), which requires that owners and contractors "provide reasonable and adequate protection and safety" to their workers.  *See* N.Y. Lab. Law § 241(6).  To establish liability under NYLL section 241(6), a plaintiff must demonstrate that his injuries were proximately caused by a violation of an applicable New York Industrial Code provision.  *See Rodriguez v. 250 Park Avenue, LLC*, 76 N.Y.S.3d 107, 109 (2d Dep't 2018); *accord Ortega v. Puccia*, 866 N.Y.S.2d 323, 328 (2d Dep't 2008) ("[C]auses of action invoking that statute must be based upon violations of specific codes, rules, or regulations applicable to the circumstances of the accident.").  "The interpretation of [an Industrial Code] regulation presents a question of law."  *See Morris v. Pavarini Const.*, 874 N.E.2d 723, 726 (N.Y. 2007); *accord Pruszko v. Pine Hollow Country Club, Inc.*, 52 N.Y.S.3d 442, 444 (2d Dep't 2017).  In his opposition, Plaintiff alleges a violation of sections 23-1.7(e) and 23-2.1(a) of the New York Industrial Code, as codified in the New York Code, Rules, and Regulations ("N.Y.C.R.R.") and effectively abandons his claim that Defendant violated the various other provisions previously alleged.

Defendant's motion for summary judgment with respect to Plaintiff's claim predicated on a violation of section 23-1.7(e) is granted, because that regulation is inapplicable to the circumstances of Plaintiff's accident.  Section 23-1.7(e) applies where a plaintiff is injured

because of a tripping hazard.  *See, e.g.*, *Zastenchik v. Knollwood Country Club*, 955 N.Y.S.2d 640, 642 (2d Dep't 2012) (Industrial Code section 23-1.7(e) inapt where the plaintiff did not slip or trip but became injured when his foot became stuck in mud); *Urbano v. Rockefeller Ctr. N., Inc.*, 937 N.Y.S.2d 194, 195 (1st Dep't 2012) (testimony regarding debris in working area insufficient to deny summary judgment on NYLL section 241(6) claim predicated on Industrial Code section 23-1.7(e), where plaintiff "did not slip or trip on this debris, nor did it cut him"); *Wallace v. Nat'l R.R. Passenger Corp.*, 5 F. Supp. 3d 452, 470 (S.D.N.Y. 2014) (granting summary judgment on NYLL section 241(6) claim predicated on Industrial Code section 23-1.7(e), because there was no evidence that plaintiff tripped).  There is no evidence in the record that Plaintiff tripped or slipped.  The undisputed facts are that Plaintiff was injured by a falling ladder.  Plaintiff argues that the regulation is applicable to "accidents caused by the slipping or tripping of objects," but there is also no evidence in the record that the ladder fell and subsequently injured Plaintiff because of a tripping hazard contemplated by the Industrial Code, like collected debris.  *Cf. Sergio v. Benjolo N.V.*, 562 N.Y.S.2d 476 (1st Dep't 1990) (carelessly stored materials fell under wheels of tool box causing it to stop suddenly and throw plaintiff to ground); *Scotti v. Fed'n Dev. Corp.*, 734 N.Y.S.2d 573 (2d Dep't 2001) (ladder fell to side as a result of uneven flooring or debris and materials left at base of ladder).  Rather, the undisputed facts show that the ladder fell because it was struck by wire.

Defendant's motion for summary judgment with respect to Plaintiff's claim predicated on section 23-2.1(a) is granted because this provision does not apply to the site of Plaintiff's accident.  The second subpart of that regulation, section 23-2.1(a)(2), is clearly inapt as the ladder was not placed "close to any edge of a floor, platform or scaffold."  The first subpart of that regulation, section 23-2.1(a)(1), similarly does not apply as it concerns conditions in

"passageway[s], walkway[s], stairway[s] or other thoroughfare[s]."  *See* 12 N.Y.C.R.R. § 23-2.1(a)(1); *accord Prevost v. One City Block LLC*, 65 N.Y.S.3d 172, 177 (1st Dep't 2017) (Section 23-2.1(a)(1) concerns the "safe and orderly" storage of materials to ensure that "they do not obstruct any passageway, walkway, stairway or other thoroughfare."); *see also Kocurek v. Home Depot*, 730 N.Y.S.2d 74, 77 (1st Dep't 2001) (holding section 23-2.1(a)(1) inapplicable where site of accident was neither a storage area nor a "passageway, walkway, stairway or other thoroughfare" as contemplated by the regulation).  While the term "passageway" is not defined in the Industrial Code, "courts have interpreted the term to mean a defined walkway or pathway used to traverse between discrete areas as opposed to an open area."  *See Prevost*, 65 N.Y.S.3d at 177 (quotation marks omitted).

It is undisputed that at the time of the accident, the ladder was in the middle of the second room that was being renovated.  There is no evidence that the ladder was blocking the path that Plaintiff's partner took when he walked the fifteen to twenty feet before the accident occurred.  Rather, the evidence shows that all debris was pushed to the side.  Accordingly, the ladder did not "obstruct any passageway, walkway, stairway or other thoroughfare," and the provision does not apply.  *See, e.g.*, *Burkoski v. Structure Tone, Inc.*, 836 N.Y.S.2d 130, 135 (1st Dep't 2007) (Industrial Code sections 1.7(e)(1) and 2.1(a)(1) do not apply where injury occurred while walking across a room measured 18 feet by 20 feet); *Wiley v. Marjam Supply Co.*, 87 N.Y.S.3d 675, 679 (3rd Dep't 2018) (sheetrock that fell and caused the plaintiff's injury was stored in corner of a second-floor room and did not "obstruct any passageway, walkway, stairway or other thoroughfare").

Plaintiff argues that the room in which the accident occurred is a thoroughfare, because he crossed it to reach the third room.  Merely walking through a location is insufficient to raise

an issue of fact as to whether the location is a thoroughfare.  *See, e.g.*, *Canning v. Barney's New York*, 734 N.Y.S.2d 116, 120 (1st Dep't 2001) (accident occurred in "work area" not "passageway" where the location was a "floor" where plaintiff was required to "pass" in the course of his work).  While Plaintiff testified that the work area was "not an open area," while clarifying that the rooms were separated by sheetrock in some places, no reasonable jury could find that the room was a defined walkway or pathway on that testimony alone.  Defendant's motion for summary judgment as to the NYLL section 241(6) claim is granted.

### 3.  NYLL Section 200 Claim & Common Law Negligence

Lastly, Plaintiff brings NYLL section 200 and common law negligence claims.  NYLL section 200 is a codification of the common-law duty imposed on owners or contractors to maintain a safe place to work.  *See Rizzuto v. L.A. Wenger Contracting Co.*, 693 N.E.2d 1068, 1073 (N.Y. 1998).  "[C]ourts generally analyze claims brought under both § 200 and the common law simultaneously."  *See, e.g.*, *Kiss v. Clinton Green N., LLC*, No. 17 Civ. 10029, 2020 WL 4226564, at *5 (S.D.N.Y. July 23, 2020).  "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed."  *Boody v. El Sol Contracting & Constr. Corp.*, 116 N.Y.S.3d 586, 587 (2d Dep't 2020).  Here, there is a factual issue as to whether the ladder constitutes a dangerous or defective premises condition or whether the injury arose from defects or dangers in the methods or materials of the work.  Different liability standards apply to the two categories.  Accordingly, Defendant is entitled to summary judgment only if the evidence entitles it to judgment as a matter of law as to each liability standard.

Courts have held that injury from placed equipment or materials can constitute an injury

arising from a premises defect or defects or dangers in the methods or materials of the work,

depending on the circumstances.  For example, injury caused by leftover construction material

was considered an injury from the manner in which the work was performed when the material

was situated "as a result of, and during the course of, ongoing work at the construction site."  *See*

*Cody v. State*, 919 N.Y.S.2d 55, 58 (2d Dep't 2011) (injury from a piece of lumber placed during

course of ongoing construction work constituted injury from manner in which work was

performed and the owner was not liable).  On the other hand, injury from misplaced equipment

constituted a premises condition when it "was not part of the . . . work at the time of the accident,

but was mere consequence of it after the day's work had been completed."  *See Slikas v. Cyclone*

*Realty, LLC*, 908 N.Y.S.2d 117, 121 (2d Dep't 2010) (crowbar used and left in doorway by other

workers constituted a premises condition and the owner was denied summary judgment on the

issue of liability).  Here, a reasonable jury could infer that an open ladder left in the same

position following use constituted the product of ongoing construction work.  Drawing all

reasonable inferences in Plaintiff's favor, a reasonable jury alternatively could find that the

ladder was no longer a part of the ongoing construction work and abandoned in the middle of the

room, since Plaintiff testified that he did not see any workers use the ladder after the accident.[2]

A reasonable jury could further find that the six-foot ladder -- left open and unattended in the

middle of a dark room -- presented an inherently dangerous condition that caused Plaintiff's

---

[2] By affidavit, Lucas Edsall, the project manager, asserts that he can "conclude with certainty that any materials, including ladders, that were present in the [Property] at [the] time were actively being used in the construction" because "[d]uring each work day, ladders were actively being used in the [Property]."  Plaintiff requests that the Court disregard the entire declaration, because as stated at Mr. Edsall's deposition, Mr. Edsall was not on the premises on the date of the accident.  Mr. Edsall's assertion appears to be an unexplained conclusory claim, but the Court need not rule on Plaintiff's request to reject the entire declaration.  As to this issue, Plaintiff's contrary deposition testimony that he never saw any workers return to the ladder raises a triable issue of material fact for the jury.

injury.

Because a reasonable jury could find either that the ladder was a dangerous or defective premises condition or that the injury arose from defects or dangers in the methods or materials of the work, summary judgment can be granted on this claim only if Defendant is entitled to judgment as a matter of law on the liability standards applicable to either theory.  A property owner can be held liable for an accident related to a dangerous or defective premises condition for either creating the condition or having actual or constructive notice of the condition.  *See Bradley v. HWA 1290 III LLC*, 70 N.Y.S.3d 464, 467 (1st Dep't 2018), *aff'd*, 111 N.E.3d 322 (N.Y. 2018).  By contrast, when an accident arises from the manner in which work is performed, no liability attaches to the property owner absent evidence that the owner had the authority to supervise or control the performance of the work.  *See O'Sullivan v. IDI Const. Co.*, 855 N.E.2d 1159, 1159 (N.Y. 2006).  Here, Defendant cannot be liable for this claim based on a theory that the injury arose out of the manner in which the work was performed, because the evidence adduced reflects Defendant's general oversight only.  *See Boody*, 116 N.Y.S.3d at 587 ("[M]ere general supervisory authority at a work site for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability under Labor Law § 200.").

However, Defendant is not entitled to judgment as a matter of law on the claim based on a dangerous or defective premises theory, because Plaintiff has adduced sufficient evidence creating a triable issue of fact as to whether there was constructive notice.  "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it."  *See Gordon v. Am. Museum of Nat. History*, 492 N.E.2d 774, 775 (N.Y. 1986); *accord Schick v. 200*

*Blydenburgh, LLC*, 930 N.Y.S.2d 604, 607 (2d Dep't 2011).  Plaintiff testified that he last saw workers use the ladder at around eleven a.m. and that the accident occurred between two p.m. and three p.m.  Drawing all reasonable inferences in favor of Plaintiff, a jury could find that the ladder was abandoned for at least a few hours and determine this was a sufficient length of time for discovery of the defect.  Defendant is not entitled to summary judgment on the NYLL section 200 and common law negligence claims.

## IV.   CONCLUSION

For the reasons stated above, Defendant's motion for summary judgment is granted in part and denied in part.

The Clerk of Court is respectfully directed to close Dkt. No. 39.

Dated: January 6, 2021
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**